ERNEST MILLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19559. Promulgated March 12, 1929.

*C. H. Curl, Esq.*, and *I. C. Carpenter, Esq.*, for the respondent.

OPINION.

LANSDON: The respondent asserts a deficiency in income tax for the year 1923 in the amount of $2,652.65, to which he has added a penalty for making a false and fraudulent return in the amount of $1,326.33. The total amount in controversy is $3,978.98. The issues are (1) the determination of petitioner's true income for the taxable year, and (2) whether a 50 per cent penalty for filing a false and fraudulent return shall be added to the deficiency.

The petitioner is an individual residing in Camden, N. J. In the taxable year he was engaged in business as an individual and was also in partnership with one Hyman Bloom in the business of building and selling houses. On March 24, 1924, he filed an individual income-tax return which disclosed net income and tax liability in the respective amounts of $6,789.19 and $151.46.

Subsequent to the filing of the original return for the year 1923, a revenue agent examined the books and investigated the business affairs of the petitioner and discovered that in the year in question the petitioner was in partnership with Bloom and that a substantial income had been derived therefrom. The investigation further disclosed that petitioner had realized substantial profits from the sale of capital assets and that he had understated his net income from rentals.

After completing his investigation the revenue agent took up the matter with the petitioner, who admitted that he had been in partnership with Bloom, but insisted that he had lost money in that enter-

prise and had realized no gain from the sale of property. Thereupon the revenue agent, using data secured from Bloom, from an accountant who had audited the books of the partnership, and from other sources, made up an amended income-tax return for the petitioner for the taxable year. This return discloses net income and tax liability in the respective amounts of $31,499.12 and $5,532.50. The tax liability shown upon such return includes a 50 per cent fraud penalty in the amount of $1,793.68. The petitioner signed and swore to such amended return and it was filed in the office of the collector of internal revenue on September 9, 1924. In his original return for the taxable year the petitioner reported no income from a partnership, but in his amended return he reported such income in the amount of $26,718.69. Upon audit of the amended return the Commissioner made certain adjustments, determined the deficiency, and imposed the penalty here in controversy.

The petitioner made no appearance at the hearing. The respondent supported his allegation of fraud by proof. Petitioner offered no evidence in support of his contention that the additional tax was determined in error and made no defense against the charge of fraud. The deficiency determination is approved and the penalty for fraud was properly imposed and should be collected.

*Decision will be entered for the respondent.*